FILED

08 FEB -4 AM 11: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  **WORTHE HANSON & WORTHE**
   A Law Corporation
2  1851 East First Street, Ninth Floor
   Santa Ana, California 92705
3  Telephone (714) 285-9600
   Facsimile (714) 285-9700
4  jworthe@whwlawcorp.com
   tworthe@whwlawcorp.com
5
   JEFFREY A. WORTHE, SBN 080856
6  TODD C. WORTHE, SBN 177452

7  Attorneys for Defendant, GROHE AMERICA, INC.

8

BY FAX

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11             EDWARD J. SCHWARTZ COURTHOUSE

12  AMCO INSURANCE COMPANY,           ) Case No. '08 CV 0207 JLS WMc
                                      ) (SDSC Case No. 37-2007-00072924-
13              Plaintiff,            ) CU-PL-CTL)
                                      )
14      v.                            )
                                      ) **DEFENDANT, GROHE AMERICA,**
15  GROHE AMERICA, INC., AND DOES 1   ) **INC.'S ANSWER TO THE**
    TO 25, INCLUSIVE,                 ) **UNVERIFIED COMPLAINT OF**
16                                    ) **PLAINTIFF AMCO INSURANCE**
                                      ) **COMPANY**
17              Defendants.           )
                                      )
18  _____) Complaint Filed: August 10, 2007

19      **JURISDICTION** of this Court is invoked on the basis of diversity of

20  citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

21

22      **COMES NOW,** Defendant, GROHE AMERICA, INC. in answering the

23  Complaint of Plaintiff, AMCO INSURANCE COMPANY, for itself alone and for no

24  other Defendant, admits, denies and alleges as follows:

25  **ANSWERING THE ALLEGATIONS OF PARAGRAPH 1:**

26      Admit that AMCO INSURANCE COMPANY is the Plaintiff and GROHE

27  AMERICA, INC. is a defendant, as alleged.

28  ///

1

ORIGINAL

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 2:**

Admit that the Pleadings consist of five (5) pages.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 3:**

Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 4:**

Since Paragraph 4 of the Form Complaint is not marked, this Responding Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and based thereon, denies the allegations contained therein

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 5:**

Admit that GROHE AMERICA, INC. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Illinois.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 6:**

Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 7:**

Since Paragraph 7 of the Form Complaint is not marked, this Responding Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 8:**

Admit that the Plaintiff alleges that their alleged injuries occurred within the jurisdiction of this Court.

///

///

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 9:**

Since Paragraph 9 of the Form Complaint is not marked, this Responding Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 10:**

Admit that the Plaintiff's Complaint speaks in General Negligence and the Second Cause of Action speaks in Product Liability.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 11:**

Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 12:**

Since Paragraph 12 of the Form Complaint is not marked, this Responding Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF PARAGRAPH 13:**

Since Paragraph 13 of the Form Complaint is not marked, this Responding Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and based thereon, denies the allegations contained therein.

**ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED FIRST CAUSE OF ACTION - GENERAL NEGLIGENCE - GN-1:**

Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph GN-1, and based thereon, thereon, denies the allegations contained therein.

///

1  **ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED**
2  **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-1:**
3  Defendant alleges that it is without knowledge or information sufficient to form
4  a belief as to the truth of the allegations contained in Paragraph L-1, and based
5  thereon, denies the allegations contained therein.
6  **ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED**
7  **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-2:**
8  Defendant alleges that it is without knowledge or information sufficient to form
9  a belief as to the truth of the allegations contained in Paragraph L-2, and based
10 thereon, denies the allegations contained therein.
11 **ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED**
12 **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-3:**
13 Defendant alleges that it is without knowledge or information sufficient to form
14 a belief as to the truth of the allegations contained in Paragraph L-3, and based
15 thereon, denies the allegations contained therein.
16 **ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED**
17 **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-4:**
18 Defendant alleges that it is without knowledge or information sufficient to form
19 a belief as to the truth of the allegations contained in Paragraph L-4, and based
20 thereon, denies the allegations contained therein.
21 **ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED**
22 **SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-5:**
23 Defendant alleges that it is without knowledge or information sufficient to form
24 a belief as to the truth of the allegations contained in Paragraph L-5, and based
25 thereon, denies the allegations contained therein.
26 ///
27 ///
28 ///

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

## ANSWERING THE ALLEGATIONS OF THE PARAGRAPH ENTITLED SECOND CAUSE OF ACTION - PRODUCTS LIABILITY - L-6:

Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph L-6, and based thereon, denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE:

1. That the Complaint on file herein, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. That at all time herein relevant, the Plaintiffs failed to use due, adequate, reasonable or any care for their own safety and well being and that said failure proximately resulted in all, or some portion, of the injuries or damages alleged to have been suffered by Plaintiffs and that Plaintiffs are thereby barred and precluded from recovering all or such portion of said damages to the extent that Plaintiffs were responsible thereof.

### THIRD AFFIRMATIVE DEFENSE

3. That at the time and place of the incident described in the Complaint on file herein, and prior thereto, Plaintiff voluntarily and knowingly assumed the risk of injury and/or damage, if any, and by reason thereof, Plaintiff is barred from any recovery herein.

### FOURTH AFFIRMATIVE DEFENSE

4. That if the allegations contained in the Complaint are true, and the Plaintiff was injured and/or damaged as alleged, this answering Defendant alleges that said injuries and/or damages, if any, the whole or part thereof, were and are the proximate and direct result of the recklessness, carelessness and negligence of the plaintiffs, persons, individuals, entities, other than this answering Defendant and its employees and assigns and, in the event that this answering Defendant is found to be

liable to the Plaintiff herein in any manner whatsoever, or at all, this answering Defendant prays for leave of Court to compare its negligence with the negligence of such other Plaintiff, persons, individuals and entities whose conduct may, wholly or in part, have contributed to whatever injuries and/or damages said Plaintiff sustained and to require that any judgment rendered herein favor of Plaintiff and against this answering Defendant be in an amount directly proportionate to said Defendant and Plaintiff's individual degree of fault.

### FIFTH AFFIRMATIVE DEFENSE

5. Under and pursuant to the terms of *Civil Code* § 1431.1 through 1435.5, Plaintiff is barred and precluded from recovery against this answering Defendant for any non-economic damages except those allocated to this Defendant in direct proportion of its percentage of fault, if any such fault or damages there be.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff lacks standing to assert breach of warranty claims against this responding defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7. That Third Parties, including the Plaintiff, over whom **GROHE**, had no control, altered and/or misused the subject produce, including without limitation, the subject product's, component parts and the subject product and component part assembly, such that the alteration and/or misuse was the sole, direct and proximate cause of the alleged damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. That if the product and its component parts were designed, assembled, fabricated, tested, inspected, manufactured, distributed and marketed as alleged in the Complaint, then **GROHE**, did so in accordance with certification and approval of both State and Federal Law.

///

///

### NINTH AFFIRMATIVE DEFENSE

9. That if **AMCO'S** insured suffered or sustained any loss, damage or injury at or about the time and place alleged, the same were the direct and proximate result of the improper use, care, repair, maintenance and/or modification of the **GROHE** product by **AMCO'S** insured and/or their agents, representatives and/or third parties not under the control of **GROHE**, and as a result thereof **AMCO'S** insured is thereby barred and precluded from recovery herein.

### TENTH AFFIRMATIVE DEFENSE

10. The Plaintiff is barred and precluded from any recovery herein pursuant to provisions of the applicable Statute of Limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

11. That at all times relevant herein the defect alleged, if any there were, occurred while the product was not in the direction or control of this answering defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. That if Plaintiff suffered any loss, damage or injury at or about the time and place alleged, the same were not the direct and proximate result of a defect, if any there were.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The consumer good in question was manufactured by **GROHE** and the quality of the item was generally acceptable in the trade.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The consumer good in question was manufactured by **GROHE** and was, at all times relevant, merchantable and complied with *Civil Code* §1792.

///
///
///
///

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The consumer good in question was manufactured by **GROHE** and was suitable for the particular purpose for which it was purchased in accordance with *Civil Code* § 1792.1.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The consumer good in question was manufactured by **GROHE** and suitable for its particular purpose and accompanied by appropriate implied warranties, fit for the intended purposed and in accordance with *Civil Code* § 1792.2.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The consumer good in question was fit for its intended purpose, merchantable, passed without objection in the trade and fit for its ordinary purposes, in compliance with *Civil Code* § 2314.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff has not stated a cause of action whereby they are entitled to the recovery of reasonable attorney's fees.

**NINETIETH AFFIRMATIVE DEFENSE**

19. The alleged damages are, and were at all times relevant, caused by unforeseeable misuse of the product.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. This answering Defendant presently has insufficient knowledge and information upon which to form a belief as to whether they may have additional, and as yet unstated, affirmative defenses available. As such, this answering Defendant reserves the right to assert additional affirmative defenses in the event discovery reveals facts which render them appropriate.

///
///
///
///

1  **WHEREFORE**, this answering defendant prays for judgment as follows:

2  1.  That Plaintiff take nothing by way of their Complaint;

3  2.  For costs of suit incurred; and

4  3.  For such other and further relief as the Court may deem just and proper.

6  DATED: February 4, 2008                    **WORTHE HANSON & WORTHE**

                                              By: _____
                                                  TODD C. WORTHE, ESQ.
                                                  Attorneys for Defendant, GROHE
                                                  AMERICA, INC.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

9

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
)ss
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On February 4, 2008, I served the foregoing document described as **DEFENDANT, GROHE AMERICA, INC.'S ANSWER TO THE UNVERIFIED COMPLAINT OF PLAINTIFF AMCO INSURANCE COMPANY** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒ BY MAIL as follows:
  ☒ placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐____ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒____ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 4, 2008, at Santa Ana, California.

MICHELLE L. RIGLEY

PROOF OF SERVICE

**SERVICE LIST**
AMCO INSURANCE V. GROHE AMERICA

John F. Rutan, Jr.
Law Offices of Goates & Beavers
1201 Dove Street, Suite 300
Newport Beach, CA 92660
(949) 553-1359
**ATTORNEYS FOR PLAINTIFF**