WORTHE HANSON & WORTHE
A Law Corporation
1851 East First Street, Ninth Floor
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
jworthe@whwlawcorp.com
tworthe@whwlawcorp.com

JEFFREY A. WORTHE, SBN 080856
TODD C. WORTHE, SBN 177452

Attorneys for Defendant, GROHE AMERICA, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA - EDWARD J. SCHWARTZ COURTHOUSE

| | |
|---|---|
| AMCO INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GROHE AMERICA, INC., AND DOES 1 TO 25, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No.08-CV-207 JLS (WMc)<br>(SDSC Case No. 37-2007-00072924-CU-PL-CTL)<br><br>STIPULATION AND [PROPOSED] ORDER PERMITTING DEFENDANT, GROHE AMERICA, INC., TO FILE AND SERVE THIRD PARTY COMPLAINT AGAINST VOSS PLUMBING; AND [PROPOSED] THIRD PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNITY<br><br>Complaint Filed: August 10, 2007 |

**COME NOW** the parties including Plaintiff, AMCO INSURANCE COMPANY ("**AMCO**") by and through its attorney of record the Law Offices of Goates & Beavers, and Defendant, GROHE AMERICA, INC. ("**GROHE**") by and through its respective attorneys of record Worthe Hanson & Worthe; with said attorneys having authority to so stipulate and stipulate to the following:

**GROHE** may file and serve its Third-Party Complaint against Voss Plumbing (entity unknown) ("**VOSS**"), as it is believed that **VOSS** was responsible for the installation of the subject plumbing and/or fixtures which are at issue in the Complaint filed by **AMCO**.

///

///

///

1

**IT IS SO STIPULATED.**

DATED: March 17, 2008

**WORTHE HANSON & WORTHE**

By: _____
TODD C. WORTHE, ESQ.
Attorneys for Defendant, GROHE AMERICA, INC.

DATED: 3/18/08

**GOATES & BEAVERS**

By: _____
ROBERT J. HARKER, ESQ.
Attorneys for Plaintiff, AMCO INSURANCE CO.

WORTHE HANSON & WORTHE
1851 EAST FIRST ST., NINTH FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

2

| | |
|---|---|
| 1 | **WORTHE HANSON & WORTHE** |
| | A Law Corporation |
| 2 | 1851 East First Street, Ninth Floor |
| | Santa Ana, California 92705 |
| 3 | Telephone (714) 285-9600 |
| | Facsimile (714) 285-9700 |
| 4 | jworthe@whwlawcorp.com |
| | tworthe@whwlawcorp.com |
| 5 | |
| 6 | JEFFREY A. WORTHE, SBN 080856 |
| | TODD C. WORTHE, SBN 177452 |
| 7 | Attorneys for Third-Party Plaintiff, GROHE AMERICA, INC. |

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA - EDWARD J. SCHWARTZ COURTHOUSE

| | | |
|---|---|---|
| 10 | AMCO INSURANCE COMPANY, ) | Case No. 08-CV-207 JLS (WMc) |
| 11 | Plaintiff, ) | (SDSC Case No. 37-2007-00072924-CU-PL-CTL) |
| 12 | v. ) | **[PROPOSED] THIRD PARTY COMPLAINT OF GROHE AMERICA, INC., FOR EQUITABLE INDEMNITY, CONTRIBUTION, DECLARATORY RELIEF AS AGAINST THIRD PARTY DEFENDANT, VOSS PLUMBING** |
| 13 | GROHE AMERICA, INC., AND DOES 1 TO ) 25, INCLUSIVE, ) | |
| 14 | ) | |
| 15 | Defendants. ) | |
| 16 | GROHE AMERICA, INC. ) | |
| 17 | Third Party Plaintiff, ) | [*F.R.C.P., RULE* 14] |
| 18 | v. ) | |
| 19 | VOSS PLUMBING, and ROES 1 to 25, ) INCLUSIVE ) | Complaint Filed: August 10, 2007 |
| 20 | ) | |
| 21 | Third Party Defendant. ) | |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

**COMES NOW,** Third-Party Plaintiff GROHE AMERICA, INC. ("**GROHE**"), and asserts this Third-Party Complaint against Third-Party Defendant, VOSS PLUMBING ("**VOSS**"), and ROES 1 through 25, and each of them, and alleges as follows:

1

1.      Third-Party Plaintiff, **GROHE** is, and was at all times herein, a Corporation incorporated and having its principal place of business in the State of Ohio, and duly licensed and conducting business within the State of California, County of San Diego and within the Southern Judicial District of the United States District Court.

2.      Third-Party Defendant **VOSS** is, and was at all times herein mentioned, an unknown business entity, with a Contractor's License issued by the State of California, and doing business within the Southern Judicial District of the United States District Court.

3.      Third-Party Defendants, ROES 1 through 25, inclusive, are sued herein under fictitious names. The true names and capacities are unknown to Third-Party Plaintiff. When their true names and capacities are ascertained, Third-Party Plaintiff will amend this Third-Party Complaint by inserting their true names and capacities herein. Third-Party Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Third-Party Defendants is responsible in some manner for the occurrences herein alleged, and that Third-Party Plaintiff's damages as herein alleged were proximately caused by those Third-Party Defendants. Each reference in this Third-Party Complaint to "Third-Party Defendant," or "Third-Party Defendants", or a specifically named Third-Party Defendant refers also to all Third-Party Defendants sued under fictitious names.

4.      Each Third-Party Defendant is, and was, at all times relevant, the agent, servant, and employee of each of the other Third-Party Defendants. Each Third-Party Defendant committed the acts herein alleged in the course and scope of such agency, servanthood, and employment, under the direction and control of, for the benefit of, at the instance, request and behest of each of the other Third-Party Defendants, who each ratified and confirmed the acts of each of the other Third-Party Defendants. Third-Party Plaintiff is unaware at this time of the exact nature of all of the

///

relationships among the Third-Party Defendants, but when such is made known to Third-Party Plaintiff, he will amend this Complaint accordingly.

5. Plaintiff refers to Plaintiff **AMCO**'s Complaint on file herein, and, without admitting any of the allegations contained therein, by this reference incorporates said allegations as though fully set forth hereat.

## FIRST CAUSE OF ACTION

### (For Equitable Indemnity Against All Third-Party Defendants)

6. Third-Party Plaintiff incorporates by this reference paragraphs 1 through 5 as though fully set forth at length herein.

7. By virtue of the doctrine of Equitable Implied Indemnity, Third-Party Plaintiff is faced with a potential loss, which in good conscience, equity and justice he would not be faced with absent of the conduct of Third-Party Defendants, and each of them. If the allegations of the Complaint of Plaintiff **AMCO** are found to be true, the responsibility of this Third-Party Plaintiff, if any, for the alleged damage and injuries of **AMCO**, if any, should be reduced based upon the proportionate share of fault as compared with that of Third-Party Defendants and each of them.

## SECOND CAUSE OF ACTION

### (Contribution Against All Third-Party Defendants)

8. Third-Party Plaintiff incorporates by this reference paragraphs 1 through 7 as though fully set forth at length herein.

9. Third-Party Defendants, and each of them, have failed and refused to acknowledge their responsibility for the injuries claimed by Plaintiff, if any there were. By reason thereof, Third-Party Plaintiff is faced with a potential for judgment.

10. As a proximate result of the failure of Third-Party Defendants, and each of them, to acknowledge responsibility for Plaintiff's injuries, if any there were, as herein alleged, **VOSS** must defend the lawsuit filed by **AMCO**, alleging damages as a result of the alleged negligence of Third-Party Defendants, and each of them, thus expending time and money for the defense of an action.

3

11. If any judgment is rendered against Third-Party Plaintiff for the damages alleged by Plaintiff, Third-Party Plaintiff is entitled to contribution from Third-Party Defendants, and each of them, for any damages awarded.

### THIRD CAUSE OF ACTION

**(For Declaratory Relief Against All Third-Party Defendants)**

12. Third-Party Plaintiff incorporates by this reference paragraphs 1 through 11 as though fully set forth at length herein.

13. A controversy exists between Third-Party Plaintiff **GROHE** and Third-Party Defendants, **VOSS** and ROES 1 through 25, and each of them as follows:

   A. Third-Party Plaintiff **GROHE** contends that Third-Party Defendants, and each of them are obligated to hold harmless and to reimburse for the defense of defending the aforesaid action filed by **AMCO**;

   B. Third-Party Defendants, **VOSS** and ROES 1 through 25, and each of them, contend that they are not obligated to hold Third-Party Plaintiff **GROHE** harmless or to reimburse them for the defense of **AMCO**'s action.

14. Third-Party Plaintiff **GROHE** desires a judicial determination of its right to indemnity from Third-Party Defendants, and each of them, such that, a Declaration is necessary and appropriate at this time in order to avoid multiplicity of actions. It will be otherwise required that Third-Party Plaintiff defend this action and bring a separate action over and against Third-Party Defendants, and each of them. Third-Party Plaintiff **GROHE** has no adequate or other speedy remedy at law.

**WHEREFORE,** Third-Party Plaintiff **GROHE** prays for judgment against Third-Party Defendants, and each of them as follows:

1. If Third-Party Plaintiff is held responsible for judgment in favor of Plaintiff, **AMCO**, that judgment be rendered in the same amount against Third-Party Defendants, and in favor of Third-Party Plaintiff, **GROHE** herein;

4

2.     For an order of the court that Third-Party Plaintiff, **GROHE** is entitled to be fully indemnified by Third-Party Defendants, and each of them, for any and all settlements or compromises entered into by Third-Party Plaintiff, **GROHE** and Plaintiff **AMCO**;

3.     For reasonable attorney's fees, pursuant to *Code of Civil Procedure* § 1021.6, and any and all other reasonable expenses incurred in connection with the defense of the action filed by Plaintiff, **AMCO** in favor of Third-Party Plaintiff **GROHE**;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the court may deem just and proper.

DATED: March 20, 2008                        **WORTHE HANSON & WORTHE**

By: _/s/ Todd C. Worthe_
TODD C. WORTHE, ESQ.
Attorneys for Third-Party Plaintiff,
GROHE AMERICA, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
                    )ss
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On March 21, 2008, I served the foregoing document described as **STIPULATION AND PROPOSED ORDER PERMITTING DEFENDANT GROHE AMERICA, INC., TO FILE AND SERVE THIRD PARTY COMPLAINT AGAINST VOSS PLUMBING; AND PROPOSED THIRD PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNITY** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.   Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒ BY MAIL as follows:
  ☒ placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐____STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒____FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 21, 2008, at Santa Ana, California.

_____
GINA M. FISHER

**SERVICE LIST**
AMCO INSURANCE V. GROHE AMERICA

John F. Rutan, Jr.
Law Offices of Goates & Beavers
1201 Dove Street, Suite 300
Newport Beach, CA 92660
(949) 553-1359 - Office
(949) 250-5537 - Facsimile
**ATTORNEYS FOR PLAINTIFF**