1 | **WORTHE HANSON & WORTHE**
A Law Corporation
2 | 1851 East First Street, Ninth Floor
Santa Ana, California 92705
3 | Telephone (714) 285-9600
Facsimile (714) 285-9700
4 | jworthe@whwlawcorp.com
tworthe@whwlawcorp.com
5
JEFFREY A. WORTHE, SBN 080856
6 | TODD C. WORTHE, SBN 177452

7 | Attorneys for Defendant, GROHE AMERICA, INC.

8 | **LAW OFFICES OF GOATES & BEAVERS**
ROBERT J. HARKER, ESQ. (SBN 213440)
9 | 1201 Dove Street, Ste. 300
Newport Beach, California 92660
10 | Telephone (949) 250-5551
Facsimile (949) 250-5555
11
Attorneys for Plaintiff, AMCO INSURANCE CO.
12

13 | UNITED STATES DISTRICT COURT

14 | SOUTHERN DISTRICT OF CALIFORNIA

15 | EDWARD J. SCHWARTZ COURTHOUSE

16 | AMCO INSURANCE COMPANY,                )    **Case No. 08-CV-207 JLS (WMc)**
                                              )    (SDSC Case No. 37-2007-00072924-CU-
17 |                          Plaintiff,        )    PL-CTL)
                                              )
18 | v.                                         )    **JOINT REPORT**
                                              )    *[F.R.C.P. Rule 26(f)]*
19 | GROHE AMERICA, INC., AND DOES 1 TO         )
     25, INCLUSIVE,                           )
20 |                                           )
                                              )    Complaint Filed: August 10, 2007
21 |                          Defendants.       )
                                              )
22 |                                           )

23 | **JURISDICTION** of this Court is invoked on the basis of diversity of

24 | citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

25 | This Joint Report is submitted following the Early Meeting of Counsel which

26 | took place on Friday, March 25, 2008.

27 | ///

28 | ///

1

1. **PROPOSED DISCOVERY SCHEDULE.**

**PLAINTIFF, AMCO INSURANCE COMPANY ("AMCO"):**

AMCO will take the deposition of a person most knowledgeable for **GROHE** and Third-Party Defendant, VOSS PLUMBING ("**VOSS**") as well as the depositions of any Forensic Engineering Consultants or any other retained experts of **GROHE** and/or **VOSS**. **AMCO** will also serve written discovery, including Special Interrogatories and Requests for Production of Documents on **GROHE** and **VOSS**. **AMCO** will subpoena any and all relevant records of **GROHE** in connection with its respective affirmative defenses and denials related to **AMCO**'s negligence and products liability claims.

AMCO does not anticipate any changes in respect to timing limitation(s) or any matters affecting any party in this litigation. **AMCO** does not believe discovery should be conducted in phases.

**DEFENDANT, GROHE AMERICA, INC. ("GROHE"):**

Defendant, GROHE AMERICA, INC. ("**GROHE**") will take the deposition of a person most knowledgeable for Plaintiff, **AMCO**; Third Party Defendant VOSS PLUMBING ("**VOSS**"); and the Forensic Engineering Expert of **AMCO**. **GROHE** will also serve written discovery including Special Interrogatories and Requests for Production of Documents. **GROHE** will subpoena any and all relevant records of **AMCO** in connection with its respective claim for products liability.

GROHE does not anticipate any changes in respect to timing limitation(s) or any matters affecting any party in this litigation. **GROHE** does not believe discovery should be conducted in phases.

2. **PROPOSED SCHEDULE OF LAW AND MOTION AND PROPOSED MOTION CUT-OFF DATE.**

**PLAINTIFF, AMCO:**

AMCO does not anticipate any law and motion on discovery matters. **AMCO** proposes a dispositive motion cut-off date of thirty (30) days prior to the date the

1 Court sets the Pretrial Conference.

2 **DEFENDANT, GROHE:**

3 GROHE does not anticipate any law and motion on discovery matters.
4 GROHE proposes a dispositive motion cut-off date of thirty (30) days prior to the
5 date the Court sets for the Pretrial Conference.

6 3. **SETTLEMENT EFFORTS.**

7 **PLAINTIFF, AMCO:**

8 As soon as **AMCO** obtains the necessary discovery concerning **GROHE**'s
9 affirmative defenses and denials related to **AMCO**'s negligence and products liability
10 claims, and **VOSS**'s responses to discovery, it suggests that the matter be placed in an
11 acceptable ADR program, including Private Mediation.

12 **DEFENDANT, GROHE:**

13 As soon as **GROHE** obtains the necessary discovery concerning theories of
14 liability and damages, it suggests that the matter be placed in an acceptable ADR
15 program, including Private Mediation.

16 4. **ESTIMATED LENGTH OF TRIAL, PROPOSED DATE FOR FINAL**
17 **PRETRIAL CONFERENCE AND TRIAL.**

18 **PLAINTIFF, AMCO:**

19 **AMCO** estimates that the Trial in this matter will take four to six (4-6) days.
20 AMCO proposes a Pretrial Conference, but suggests the date be set at least one-
21 hundred eighty (180) days from the Scheduling or Early Neutral Evaluation
22 Conference.

23 **DEFENDANT, GROHE:**

24 **GROHE** estimates that the Trial in this matter will take four (4) days.
25 GROHE proposes a Pretrial Conference, but suggests the date be set at least one-
26 hundred eighty (180) days from the Scheduling or Early Neutral Evaluation
27 Conference.

28 ///

5. **LIKELIHOOD OF ADDING ADDITIONAL PARTIES.**

**PLAINTIFF, AMCO:**

The parties have stipulated to allow **GROHE** to file a Third-Party Complaint as to **VOSS**. **AMCO** intends to amend its Complaint to assert a claim against **VOSS**, unless such becomes unnecessary during the course of this litigation. Otherwise, **AMCO** does not anticipate adding any other parties, unless such are revealed during discovery.

**DEFENDANT, GROHE:**

**GROHE** has filed a Third-Party Complaint against **VOSS**.

6. **JURY TRIAL.**

**PLAINTIFF, AMCO:**

**AMCO** has no preference regarding a Jury Trial, however, **GROHE** has requested a Jury Trial.

**DEFENDANT, GROHE:**

**GROHE** has requested a Jury Trial.

7. **ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE.**

**PLAINTIFF, AMCO:**

**AMCO** is unaware of any issues affecting the status or management of this case. **AMCO** believes that all discovery should be regulated pursuant to *Federal Rules of Civil Procedure*, without any limitations or changes.

**DEFENDANT, GROHE:**

**GROHE** is unaware of any issues affecting the status or management of this case. **GROHE** believes that all discovery should be regulated pursuant to *Federal Rules of Civil Procedure*, without any limitations or changes.

8. **SEVERANCE BIFURCATION, ORDER OF PROOF.**

**PLAINTIFF, AMCO:**

**AMCO** does not believe there are any issues in this case that would require severance or bifurcation. **AMCO** is unaware of any issues that would change the

1 | normal order of proof.

2 | **DEFENDANT, GROHE:**

3 |     **GROHE** does not believe any issues in this case should be severed or
4 | bifurcated. **GROHE** is unaware of any issues that would change the normal order of
5 | proof.

6 | **9.    PRINCIPAL ISSUES IN THE CASE.**

7 | **PLAINTIFF, AMCO:**

8 |     **AMCO** anticipates that issues of liability related to **AMCO**'s products liability
9 | claims as well as the type and amount of damages claimed will be litigated.

10 | **DEFENDANT, GROHE:**

11 |     **GROHE** denies manufacturing a defective product and believes the alleged
12 | problems resulted from improper installation. **GROHE** anticipates a dispute over
13 | liability as well as the claimed damages of **AMCO**.

14 | **10.   AMENDMENT OF PLEADINGS.**

15 | **PLAINTIFF, AMCO:**

16 |     **AMCO** intends to amend its Complaint to assert a claim against **VOSS**, unless
17 | such becomes unnecessary during the course of this litigation. Otherwise, **AMCO**
18 | does not anticipate the amendment of any pleadings unless any currently unknown
19 | but necessary parties are revealed during discovery, in which case **AMCO** will seek
20 | leave of this Court to amend its Complaint to add such parties.

21 | **DEFENDANT, GROHE:**

22 |     **GROHE** does not anticipate the amendment of any pleadings and other than
23 | the Third Party Complaint against **VOSS**.

24 | **11.   DISPOSITIVE MOTIONS.**

25 | **PLAINTIFF, AMCO:**

26 |     If necessary, **AMCO** will file a Motion for Summary Judgment against
27 | **GROHE**.

28 | ///

1 | **DEFENDANT, GROHE:**

2 |     **GROHE** will file a Motion for Summary Judgment against **AMCO**.

3

4 | DATED: 4/10/08                         **LAW OFFICES OF GOATES & BEAVERS**

5

6

7 |                                   By: _____
                                      ROBERT J. HARKER, ESQ.
                                      Attorneys for Plaintiff, AMCO

8 |                                       INSURANCE CO.

9

10 | DATED: 4/10/08                         **WORTHE, HANSON & WORTHE**

11

12 |                                         By: _____
                                      TODD C. WORTHE, ESQ.

13 |                                       Attorneys for Defendant, GROHE
                                      AMERICA, INC.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Ninth Floor, Santa Ana, California 92705.

On April 11, 2008, I served the foregoing document described as **JOINT REPORT** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.  Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒ BY MAIL as follows:
    ☒ placing ☐ the original ☒ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
    ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
    ☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐____ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒____ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 11, 2008, at Santa Ana, California.

_____
GINA M. FISHER

PROOF OF SERVICE

| | |
|---|---|
| 1 | **SERVICE LIST**<br>AMCO INSURANCE V. GROHE AMERICA |
| 2 | |
| 3 | John F. Rutan, Jr.<br>Law Offices of Goates & Beavers |
| 4 | 1201 Dove Street, Suite 300<br>Newport Beach, CA 92660 |
| 5 | (949) 553-1359 - Office<br>(949) 250-5537 - Facsimile |
| 6 | **ATTORNEYS FOR PLAINTIFF** |