ROBERT J. HARKER, ESQ. (SBN 213440)
**LAW OFFICES OF GOATES & BEAVERS**
1201 Dove Street, Ste 300
Newport Beach, CA 92660
Telephone: (949) 250-5551
Facsimile:  (949) 250-5555
(Our File No. 07-439)
harkerr1@nationwide.com
Attorneys for Plaintiff, AMCO INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# EDWARD J. SCHWARTZ COURTHOUSE

| | |
|---|---|
| AMCO INSURANCE COMPANY, ) | **Case No. 08-CV-207JLS (WMc)** |
| ) | (SDSC Case No. 37-2007-00072924-CU-PL-CTL) |
| Plaintiff, ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| vs. ) | |
| ) | |
| GROHE AMERICA, INC.; VOSS ) | |
| PLUMBING; and DOES 1 TO 25 ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

Plaintiff, AMCO INSURANCE COMPANY (hereinafter referred to as "AMCO"), alleges as follows:

## THE PARTIES

1.      AMCO is and at all times mentioned herein was a corporation incorporated and having its principal place of business in the State of Iowa, duly licensed and conducting business within the State of California, County of San Diego and within the Southern Judicial District of the United States District Court.

2.      Defendant, GROHE AMERICA, INC. (hereinafter referred to as "GROHE"), is and at all times mentioned herein was a corporation incorporated and having its principal place of business in the State of Ohio, duly licensed and

conducting business within the State of California, County of San Diego and within the Southern Judicial District of the United States District Court..

3.    Defendant, VOSS PLUMBING (hereinafter referred to as "VOSS"), is and at all times mentioned herein was a business entity, form unknown, and having its principal place of business in the State of California, duly licensed and conducting business within the State of California, County of San Diego and within the Southern Judicial District of the United States District Court.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 25, inclusive, are unknown to AMCO, who therefore sues these Defendants by such fictitious names. AMCO will amend this First Amended Complaint to show their true names and capacities when the same have been ascertained.

5.    AMCO is informed and believes, and on that basis alleges that, at all times mentioned herein, Defendants and each of them, were the agents and/or employees of one another, each acting within the scope of his or her authority as such agents and/or employees of one another, with the permission and consent of each of their co-Defendants; and each Defendant ratified each and every act done by every other Defendant named herein; and each fictitiously named Defendant is in some way legally responsible for the damages hereinafter alleged.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to 28 U.S.C. §§1332.

7.    All of the claims alleged herein arose in the Southern District of California and some of the parties herein either live in or lived in and/or conducted business in the Southern District of California at the time said claims arose.

## GENERAL ALLEGATIONS

8.    At the time of the incident from which this case arises, AMCO insured property owned by Deborah Guss, located at 8365 Dunaway Drive, La Jolla, California (hereinafter referred to as the "Property").

9.     On or about October 20, 2004, the Property was damaged extensively by water and mold when a shower valve system (hereinafter referred to as the "Valve") failed.

10.     A snap ring had not been adequately inserted into its mating groove in the body of the Valve and allowed water pressure to expel the plug from the Valve, resulting in an uncontrolled release of water and resultant mold throughout the Property.

11.     By reason of the legal obligation imposed on AMCO by said insurance policy, AMCO was obligated to pay and did pay the sum of $176,247.72, to or on behalf of Deborah Guss to repair the Property.

12.     Pursuant to the terms of the policy and the laws of the State of California, AMCO is legally, equitably and contractually subrogated to the rights and entitled to enforce Deborah Guss's remedies in the amount of $176,247.72, plus legal costs and pre-judgment interest.

13.     Pursuant to the laws of the State of California, AMCO is entitled to legal, equitable, and implied indemnity from the defendants and each of them in the amount of $176,247.72, plus legal costs and pre-judgment interest.

## FIRST CAUSE OF ACTION

### (General Negligence – Against All Defendants)

14.     AMCO incorporates by reference the allegations contained in paragraphs 1 through 13, inclusive, as if stated in full herein.

15.     Defendants, and each of them, were the legal proximate cause of AMCO's damages as alleged herein.

16.     Defendants negligently designed, manufactured, assembled, and/or installed the Valve such that it failed and caused damage to the Property, the repair and related costs for which AMCO was obligated to pay and did pay the total amount of $176,247.72.

/ / /

FIRST AMENDED COMPLAINT
Case No. 08-CV-207JLS (WMc)

## SECOND CAUSE OF ACTION

### (Products Liability – Against GROHE and Does 1-25)

17.    AMCO incorporates by reference the allegations contained in paragraphs 1 through 16, inclusive, as if stated in full herein.

18.    AMCO sustained damage as a result of the defective Valve.

19.    Defendants, and each of them, knew the Valve would be purchased and used without inspection for defects.  The Valve was defective when it left the control of each Defendant.  The Valve at the time of the damage was being used in the manner intended by Defendants.

20.    AMCO's insured was an intended user of the Valve.

21.    AMCO's damages were the proximate result of Defendant's manufacture, assembling and sale to the public of the Valve.

22.    Defendants owed a duty to AMCO's insured.

23.    Defendants breached an implied warranty to AMCO's insured.


WHEREFORE, AMCO prays for judgment against Defendants as follows:

1.    Compensatory damages in the amount of $176,247.72;

2.    Costs of suit; and

3.    For such other relief as the Court deems proper.

**LAW OFFICES OF GOATES & BEAVERS**

Dated: 4/30, 2008        By: _____
ROBERT J. HARKER, Esq.
Attorneys for Plaintiff,
AMCO INSURANCE COMPANY

**PROOF OF SERVICE BY MAIL (1013a, 2015.5 C.C.P.)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, the undersigned, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1201 Dove Street, Ste 300, Newport Beach, CA 92660.

On April 30, 2008, I served the within **PLAINTIFF'S FIRST AMENDED COMPLAINT** in the within entitled action addressed as follows:

| | |
|---|---|
| Jeffrey A. Worthe, Esq.<br>Todd C. Worthe, Esq.<br>Worth Hanson & Worthe<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705<br>Tel: (714) 285-9600<br>Fax: (714) 285-9700 | |

_____ BY ELECTRONIC FILING, by attaching a PDF copy of the within document into the Electronic Filing System of the within Court by the method prescribed by the Court's directions.

___X___ BY MAIL: I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Newport Beach, California. I am "readily familiar" with the firm's practice of collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 30, 2008 at Newport Beach, California.

_____
Elizabeth C. Root

1